UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:15-cv-22364

SERGUEI TCHERNYKH AND
LILIYA BEKTEVA,

    Plaintiffs,

v.

BED BATH & BEYOND, INC., and
TRISTAR PRODUCTS, INC.,

    Defendants.
_____/

## COMPLAINT
*{Jury Trial Demanded}*

Plaintiffs, LILIYA BEKTEVA and SERGUEI TCHERNYKH (hereinafter "Plaintiffs"), by and through undersigned counsel, sue Defendants, BED BATH & BEYOND, INC., and TRISTAR PRODUCTS, INC, and upon information and belief allege as follows:

### JURISDICTION, VENUE, and PARTIES

1. The Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) because the lawsuit involves a controversy between parties of diverse citizenship and the amount in controversy exceeds $75,000.00.

2. Plaintiffs LILIYA BEKTEVA and SERGUEI TCHERNYKH are individuals who resided in Miami-Dade County, Florida, at the time of this cause of action arose, and who presently reside in said jurisdiction.

3. Defendant BED BATH & BEYOND, INC. ("BBB"), is incorporated under the laws of the State of New Jersey, with its principal place of business in New Jersey.

4.      Defendat TRISTAR PRODUCTS, INC. ("Tristar"), in incorporated under the laws of the State of Pennsylvania, with its principal place of business in Fairfield, New Jersey.

5.      Venue is proper in under 28 U.S.C. § 1391 in that a substantial part of the events or omissions giving rise to the claim occurred in the Southern District of Florida.

## GENERAL ALLEGATIONS

6.      On or about September 30, 2015, Plaintiffs purchased a Power Cooker XL, Model No. PPC 770 ("the Pressure Cooker"), which was manufactured and distributed by Defendant Tristar. The purchase of the Pressure Cooker was made at BBB in Aventura, Florida at 19205 Biscayne Blvd.

7.      As a result of a malfunction of the subject Pressure Cooker, Plaintiffs sustained severe burns.

8.      At all materials times, Defendants by and through their agents, servants, workers, and/or employees, designed, manufactured, sold, distributed, modified, and/or assembled the subject Pressure Cooker, and these Defendants distributed, advertised, and sold these pressure cookers for general use by the public, including the Plaintiffs.

9.      The events complained of herein occurred on or about October 19, 2014, at the residence of the Plaintiff SERGUEI TCHERNYKH in Sunny Isles, Florida.

10.     When Defendants sold and/or distributed the subject Pressure Cooker, it was expected to and did reach its eventual consumer, without substantial change in its condition.

11.     At the time of the sale and distribution of the product by the Defendants, it was in a defective condition, which defect was the proximate cause of the injuries and damages sustained by the Plaintiffs, and for which Defendants are strictly liable.

12.     Plaintiffs did not change or alter the condition of the Pressure Cooker from the time of its purchase in BBB until the accident occurred on or about October 19,

2014.

## COUNT I – NEGLIGENCE AGAINST TRISTAR

13.     Plaintiffs incorporate the facts and allegations contained in Paragraphs 1 - 12 of this Complaint as if fully set forth herein.

14.     TRISTAR was negligent in designing, manufacturing, assembling, testing, inspecting, labeling, distributing, marketing, and/or selling the Pressure Cooker.

15.     TRISTAR owed a duty to design, manufacture, assemble, test, inspect, label, distribute, market and sell a product free from defects in material and workmanship that is safe and functional for consumer use.

16.     TRISTAR failed to take reasonable care in designing, manufacturing, assembling, testing, inspecting, labeling, distributing, marketing, and/or selling the Pressure Cooker at a time when there were safer alternative designs available to Defendants. These acts and omissions, taken simultaneously or in combination, were a legal cause of Plaintiffs' injuries and damages.

17.     The Pressure Cooker was defective in that it failed to conform to safe product design and specifications of such pressure cookers, and its defective design failed to prevent the sudden and unexpected explosion of scalding hot liquids when used by the consumer according to the product's instructions.

18.     The product was defective and unreasonably dangerous because there was a lack of adequate warnings, notices, and/or instructions that the product could explode despite being unplugged, properly vented, and opened without force. The product was also defective and unreasonably dangerous because it was manufactured from materials that were not suitable for this type of product and operation/use of the product under the reasonably anticipated conditions of consumer use. Each of these defects are independent proximate causes of Plaintiffs' injuries and damages.

19.     TRISTAR failed to exercise reasonable care in determining the accuracy

of information to Plaintiffs and failed to exercise reasonable care in communicating untrue information regarding the safety and functionality of the Pressure Cooker, which Plaintiffs relied upon.

20. The specific negligent manufacturing or design on the part of TRISTAR rests in facts that are within the knowledge of TRISTAR. Plaintiffs further rely on the doctrine of *Res Ipsa Loquitor*. Plaintiffs will show that the character of the occurrence giving rise to this litigation is such that it would not happen in the absence of Defendant's negligence and that the design and manufacture of the subject Pressure Cooker was within the exclusive control of TRISTAR at the time the negligence occurred.

21. Plaintiffs had no control over the method or manner in which the product was designed, manufactured, or cautioned and it came to Plaintiffs' possession in the same condition it was in when it left the control of Defendants.

22. TRISTAR were negligent in the design or manufacture of the Pressure Cooker, which negligence was the proximate cause of the injuries and damages sustained by Plaintiffs.

23. As a direct and proximate result of the aforementioned negligence of TRISTAR, Plaintiffs suffered permanent bodily injuries, and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, the expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition, if any. The losses are either permanent or continuing and Plaintiffs will suffer the losses in the future.

**WHEREFORE**, Plaintiffs, LILIYA BEKTEVA and SERGUEI TCHERNYKH, demand judgment against all the Defendants, individually and collectively, for compensatory damages in excess of the jurisdictional limits of this Court, together with

interest, economic damages, and for such other relief as this Honorable Court may deem just and proper.

## COUNT II – NEGLIGENCE AGAINST BBB

24. Plaintiffs incorporate the facts and allegations contained in Paragraphs 1-12 of this Complaint as if fully set forth herein.

25. BBB was negligent in designing, manufacturing, assembling, testing, inspecting, labeling, distributing, marketing, and/or selling the Pressure Cooker.

26. BBB owed a duty to design, manufacture, assemble, test, inspect, label, distribute, market and sell a product free from defects in material and workmanship that is safe and functional for consumer use.

27. BBB failed to take reasonable care in designing, manufacturing, assembling, testing, inspecting, labeling, distributing, marketing, and/or selling the Pressure Cooker at a time when there were safer alternative designs available to Defendants. These acts and omissions, taken simultaneously or in combination, were a legal cause of Plaintiffs' injuries and damages.

28. The Pressure Cooker was defective in that it failed to conform to safe product design and specifications of such pressure cookers, and its defective design failed to prevent the sudden and unexpected explosion of scalding hot liquids when used by the consumer according to the product's instructions.

29. The product was defective and unreasonably dangerous because there was a lack of adequate warnings, notices, and/or instructions that the product could explode despite being unplugged, properly vented, and opened without force. The product was also defective and unreasonably dangerous because it was manufactured from materials that were not suitable for this type of product and operation/use of the product under the reasonably anticipated conditions of consumer use. Each of these defects are independent proximate causes of Plaintiffs' injuries and damages.

LAW OFFICES OF JASON TURCHIN  •  2883 EXECUTIVE PARK DRIVE, SUITE 103  •  WESTON, FLORIDA 33331  •  (954) 515-5000

30. BBB failed to exercise reasonable care in determining the accuracy of information to Plaintiffs and failed to exercise reasonable care in communicating untrue information regarding the safety and functionality of the Pressure Cooker, which Plaintiffs relied upon.

31. The specific negligent manufacturing or design on the part of BBB rests in facts that are within the knowledge of BBB. Plaintiffs rely on the doctrine of *Res Ipsa Loquitor*. Plaintiffs will show that the character of the occurrence giving rise to this litigation is such that it would not happen in the absence of Defendant's negligence and that the design and manufacture of the subject Pressure Cooker was within the exclusive control of Defendants at the time the negligence occurred.

32. Plaintiffs had no control over the method or manner in which the product was designed, manufactured, or cautioned and it came to Plaintiffs' possession in the same condition it was in when it left the control of Defendants.

33. BBB was negligent in the design or manufacture of the Pressure Cooker, which negligence was the proximate cause of the injuries and damages sustained by Plaintiffs.

34. As a direct and proximate result of the aforementioned negligence of BBB, Plaintiffs suffered permanent bodily injuries, and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, the expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition, if any. The losses are either permanent or continuing and Plaintiffs will suffer the losses in the future.

**WHEREFORE**, Plaintiffs, LILIYA BEKTEVA and SERGUEI TCHERNYKH, demand judgment against the Defendants, individually and collectively, for compensatory damages in excess of the jurisdictional limits of this Court, together with interest, economic damages, and for such other relief as this Honorable Court may deem just and proper.

## COUNT III- BREACH OF WARRANTY AGAINST TRISTAR

35. Plaintiffs incorporate the facts and allegations contained in Paragraphs 1 - 12 of this Complaint as if fully set forth herein

36. The defect in the Pressure Cooker does not conform to the merchantable condition impliedly represented by TRISTAR at the time that the Pressure Cooker was sold and received by Plaintiffs.

37. TRISTAR impliedly warranted to the public generally and to Plaintiffs specifically that the Pressure Cooker was of merchantable quality. TRISTAR was a merchant with respect to the Pressure Cooker and the Pressure Cooker was not merchantable as warranted.

38. TRISTAR impliedly warranted to the public generally and to Plaintiff specifically that the Pressure Cooker was safe and fit for the purpose intended when used under ordinary circumstances and in an ordinary manner. TRISTAR knew, or reasonably should have known, of the purpose for which Plaintiff purchased the Pressure Cooker, that Plaintiffs were relying on the TRISTAR's skill and judgment to select and furnish a suitable product, and that the Pressure Cooker was unfit for the purpose for which it was intended to be used. TRISTAR's breaches of warranty, taken singularly or in combination, were a legal cause of the Plaintiffs' injuries and damages.

39. As a direct and proximate result of the aforementioned breaches of warranty, Plaintiffs suffered permanent, catastrophic bodily injuries, and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, the expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition, if any. The losses are either permanent or continuing and Plaintiffs will suffer the losses in the future.

**WHEREFORE**, Plaintiffs, LILIYA BEKTEVA and SERGUEI TCHERNYKH, demand judgment against all the Defendants, individually and collectively, for compensatory damages in excess of the jurisdictional limits of this Court, together with interest, economic damages, and for such other relief as this Honorable Court may deem just and proper.

## COUNT IV – BREACH OF WARRANTY AGAINST BBB

40. Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1 - 12 as if fully set forth herein.

41. The defect in the Pressure Cooker does not conform to the merchantable condition impliedly represented by the Defendants at the time that the Pressure Cooker was sold and received by Plaintiffs.

42. BBB impliedly warranted to the public generally and to Plaintiffs specifically that the Pressure Cooker was of merchantable quality. BBB was a merchant with respect to the Pressure Cooker and the Pressure Cooker was not merchantable as warranted.

43. BBB impliedly warranted to the public generally and to Plaintiff specifically that the Pressure Cooker was safe and fit for the purpose intended when used under ordinary circumstances and in an ordinary manner. BBB knew, or reasonably should have known, of the purpose for which BBB purchased the Pressure Cooker, that Plaintiffs were relying on the BBB's skill and judgment to select and furnish a suitable product, and that the Pressure Cooker was unfit for the purpose for which it was intended to be used. BBB's breaches of warranty, taken singularly or in combination, were a legal cause of the Plaintiffs' injuries and damages.

44. As a direct and proximate result of the aforementioned breaches of warranty, Plaintiffs suffered permanent, catastrophic bodily injuries, and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of

life, the expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition, if any. The losses are either permanent or continuing and Plaintiffs will suffer the losses in the future.

**WHEREFORE**, Plaintiffs, LILIYA BEKTEVA and SERGUEI TCHERNYKH, demand judgment against all the Defendants, individually and collectively, for compensatory damages in excess of the jurisdictional limits of this Court, together with interest, economic damages, and for such other relief as this Honorable Court may deem just and proper.

### COUNT V – STRICT PRODUCTS LIABILTY AGAINST TRISTAR

45. Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1 - 12 as if fully set forth herein.

46. TRISTAR designed, researched, developed, manufactured, tested, advertised, promoted, marketed sold, and/or distributed the subject Pressure Cooker. The Pressure Cooker as designed, researched, developed, manufactured, tested, advertised, promoted, marketed, sold, and/or distributed by TRISTAR, was in an unsafe, defective, and unreasonably dangerous condition which was hazardous to users. The Pressure Cooker was in this unsafe condition at the time it left TRISTAR's possession.

47. The Pressure Cooker was expected to, and did, reach the usual consumers (including Plaintiffs), handlers, and persons coming into contact with the Pressure Cooker without substantial change in the condition in which it was designed, produced, manufactured, sold, distributed, and marketed by TRISTAR.

48. Plaintiffs were injured while using the Pressure Cooker for its intended purpose, in accordance with the instructions that accompanied the product, and in a manner foreseeable to Defendants.

49. However, the Pressure Cooker failed to perform as safely as an ordinary consumer would reasonably expect.

50. TRISTAR's failure to design, manufacture, market, and sell a safe pressure cooker was the proximate cause of Plaintiffs' injuries and damages.

51. Additionally, as a direct and proximate result of TRISTARs' placement of the defective Pressure Cooker into the stream of commerce, Plaintiffs suffered permanent, catastrophic bodily injuries, and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, the expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition, if any. The losses are either permanent or continuing and Plaintiffs will suffer the losses in the future.

52. TRISTAR knew or should have known that the Pressure Cooker was defective and unsafe, especially when used in the form and manner TRISTAR intended and demonstrated.

53. TRISTAR had a duty to design, manufacture, market, and sell a product that was not unreasonably dangerous for its normal, intended use.

54. TRISTAR knew or should have known that the Pressure Cooker was defective and unsafe, and with this knowledge, TRISTAR voluntarily designed, manufactured, marketed, and sold their products in a defective condition for use by the public. Because TRISTAR designed, researched, developed, manufactured, tested, advertised, promoted, marketed, sold and distributed a defective product, which when used in its intended or reasonably foreseeable manner, created an unreasonable risk to consumers and to Plaintiffs, TRISTAR is strictly liable for the injuries Plaintiffs sustained.

**WHEREFORE**, Plaintiffs, LILIYA BEKTEVA and SERGUEI TCHERNYKH, demand judgment against all the Defendants, individually and collectively, for compensatory damages in excess of the jurisdictional limits of this Court, together with

interest, economic damages, and for such other relief as this Honorable Court may deem just and proper.

## COUNT VI – STRICT PRODUCTS LIABILTY AGAINST BBB

55. Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1 - 12 as if fully set forth herein.

56. BBB designed, researched, developed, manufactured, tested, advertised, promoted, marketed sold, and/or distributed the subject Pressure Cooker. The Pressure Cooker as designed, researched, developed, manufactured, tested, advertised, promoted, marketed, sold, and/or distributed by BBB, was in an unsafe, defective, and unreasonably dangerous condition which was hazardous to users. The Pressure cooker was in this unsafe condition at the time it left BBB's possession.

57. The Pressure Cooker was expected to, and did, reach the usual consumers (including Plaintiffs), handlers, and persons coming into contact with the Pressure Cooker without substantial change in the condition in which it was designed, produced, manufactured, sold, distributed, and marketed by BBB.

58. Plaintiffs were injured while using the Pressure Cooker for its intended purpose, in accordance with the instructions that accompanied the product, and in a manner foreseeable to BBB.

59. However, the Pressure Cooker failed to perform as safely as an ordinary consumer would reasonably expect.

60. The BBB's failure to design, manufacture, market, and sell a safe pressure cooker was the proximate cause of Plaintiffs' injuries and damages.

61. Additionally, as a direct and proximate result of BBB's placement of the defective Pressure Cooker into the stream of commerce, Plaintiffs suffered permanent, catastrophic bodily injuries, and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, the expense of hospitalization,

medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition, if any. The losses are either permanent or continuing and Plaintiffs will suffer the losses in the future.

62. BBB knew or should have known that the Pressure Cooker was defective and unsafe, especially when used in the form and manner BBB intended and demonstrated.

63. BBB had a duty to design, manufacture, market, and sell a product that was not unreasonably dangerous for its normal, intended use.

64. BBB knew or should have known that the Pressure Cooker was defective and unsafe, and with this knowledge, BBB voluntarily designed, manufactured, marketed, and sold their products in a defective condition for use by the public.

65. Because BBB designed, researched, developed, manufactured, tested, advertised, promoted, marketed, sold and distributed a defective product, which when used in its intended or reasonably foreseeable manner, created an unreasonable risk to consumers and to Plaintiffs, BBB is strictly liable for the injuries Plaintiffs sustained.

**WHEREFORE**, Plaintiffs, LILIYA BEKTEVA and SERGUEI TCHERNYKH, demand judgment against all the Defendants, individually and collectively, for compensatory damages in excess of the jurisdictional limits of this Court, together with interest, economic damages, and for such other relief as this Honorable Court may deem just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues so triable as a matter of right.

Signed this 23rd day of June, 2015.

Respectfully Submitted,

_s/ Jason Turchin, Esq._
**JASON TURCHIN**
Florida Bar No. 585300
Email: jason@victimaid.com

_s/ Yelena Shneyderman, Esq._
YELENA SHNEYDERMAN
Florida Bar No. 0015718
Email: Yelena@victimaid.com

LAW OFFICES OF JASON TURCHIN
2883 Executive Park Drive
Suite 103
Weston, Florida 33331
Telephone:   (954) 659-1605 x 224
Facsimile:   (954) 659-1380
Attorney for Plaintiffs